DRYDEN STATE BANK v. FISHER.

1. MORTGAGES—FORECLOSURE—REDEMPTION.
   It is not necessary that amount requisite to redeem from foreclosure sale be paid to register of deeds, as provided in 3 Comp. Laws 1929, § 14433, but redemption may be had by mortgagor or any person claiming under him by paying to purchaser at foreclosure sale amount of bid, interest, and costs (section 14435).

2. SAME—ASSIGNMENT OF MORTGAGE AFTER FORECLOSURE SALE—REDEMPTION.
   Where purchaser of fee took assignment of mortgage from second mortgagee after latter had purchased at foreclosure sale but before expiration of redemption period, paying there-

for amount covenanted to be due, transaction amounted to redemption from mortgage sale, so that thereafter neither second mortgagee nor any one else claiming under him could assert any title to mortgaged property.

Appeal from Lapeer; Smith (Henry H.), J. Submitted October 14, 1931. (Docket No. 120, Calendar No. 35,948.) Decided December 8, 1931.

Bill by Dryden State Bank against Heber Fisher, administrator of the estate of Donald A. Donaldson, and others for writ of assistance to gain possession of real estate. Decree for plaintiff. Defendants appeal. Affirmed.

*George W. Des Jardins,* for plaintiff.

*Herbert W. Smith* and *Kenneth H. Smith,* for defendants.

POTTER, J. Petition for a writ of assistance to place plaintiff in possession of real estate it claims to have acquired by purchase upon a foreclosure sale. From an order granting the writ defendants appeal. February 9, 1923, Murray E. Hull and wife mortgaged a house and lot in the village of Dryden to plaintiff. Afterwards Hull and wife gave a second mortgage thereon to one Donald Donaldson. Default having been made in the terms and conditions of the second mortgage, foreclosure proceedings were had, and at the foreclosure sale the property was purchased by Donaldson. Prior to the expiration of the equity of redemption, Hull and wife, the mortgagors, deeded the fee of the property mortgaged to Alex Sinclair, and Donaldson assigned, after sale and purchase by him, the real estate mortgage which he had foreclosed, to Sinclair, by written assignment, in which it is covenanted and agreed

"that there is now due upon the said note and mortgage the sum of $1,500 and interest from April 22, 1925, and foreclosure expense and that he has good right, and lawful authority to grant, bargain, and sell the same in manner aforesaid." Plaintiff then discharged its first mortgage upon the property and took a new mortgage from Sinclair covering the same amount. It was this mortgage which it foreclosed, and under the deed on foreclosure of which it seeks to recover possession. Donaldson has since died. His administrator and widow resist the proceedings here and claim the real estate mortgage which was owned by Donaldson constituted a lien upon the property in question coupled with the power of sale, and upon the exercise of the power of sale it ceased to exist and Donaldson became the equitable owner of the premises.

In *Gage* v. *Sanborn,* 106 Mich. 269, 276, where a mortgage was assigned after foreclosure proceedings instituted by the mortgagee and before sale, it was said:

"Assignment before sale invalidates the pending proceedings to foreclose by advertisement, the reason is that the power and the interest cannot be separated. After the sale has been made, and the sheriff's deed made and filed, the power has been exercised, and ceases. The purchaser's equitable interest has accrued, and he may deal with it as with any other equitable interest."

Donaldson, purchaser at the mortgage sale, became the owner of an equitable interest in the real estate which he could have conveyed by quitclaim deed. The owner of the fee, Sinclair, had a right to redeem from the mortgage sale. He purchased the mortgage and paid to Donaldson an amount satisfactory to him, Donaldson covenanting that the

amount due was $1,500 interest and foreclosure expenses. Sinclair, the owner of the premises, took an assignment of the mortgage. Donaldson was paid. Whether we treat the assignment of the mortgage as a transfer of Donaldson's interest, his receipt of the consideration for the mortgage and his interest in the premises sold, or as an equitable redemption from the mortgage sale, the purchase of the mortgage after sale and its assignment by Donaldson, who was the purchaser at the sale, amounted to a redemption from the mortgage sale. 3 Comp. Laws 1929, § 14435. It was not necessary that the amount due upon the mortgage, necessary to redeem therefrom, be paid to the register of deeds as provided in section 14433, 3 Comp. Laws 1929. Redemption may be had by the mortgagor or by any person claiming under the mortgagor by paying to the purchaser at the mortgage sale the amount of the bid, interest, and costs. 3 Comp. Laws 1929, § 14435. In this case, where the mortgagee was also the purchaser at the mortgage sale, and where he sold and assigned the mortgage after sale and covenanted that the amount due was the principal, interest, and foreclosure expenses, the acts of the parties amount to a redemption from the mortgage sale, and neither Donaldson nor anyone claiming rights under him may, under the facts in this case, assert title to the property after having received payment for his interest therein. Decree affirmed, with costs.

Butzel, C. J., and Wiest, Clark, McDonald, Sharpe, North, and Fead, JJ., concurred.